**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 5, 2018

LETTER TO COUNSEL

RE: *Montgomery J. Carter v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-2345

Dear Counsel:

On August 15, 2017, Plaintiff Montgomery J. Carter petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). [ECF No. 1]. Mr. Carter is representing himself in this Court *pro se,* although he had an attorney throughout the administrative proceedings. I have considered the parties' cross-motions for summary judgment, and Mr. Carter's belated surreply.[2] [ECF Nos. 24, 26, 31]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision, and remand the case to the SSA for further consideration. This letter explains my rationale.

Mr. Carter protectively filed his claims for DIB and SSI on March 16, 2011. (Tr. 296-309). He alleged a disability onset date of August 20, 2006. *Id.* His claims were denied initially and on reconsideration. (Tr. 150-65). A hearing was held on June 7, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 69-100). Following the hearing, the ALJ determined that Mr. Carter was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 125-43). Upon review, the Appeals Council remanded the case to the ALJ for further consideration. (Tr. 144-49). A second hearing before the ALJ took place on

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] Mr. Carter filed an additional motion entitled "Motion for Declaratory Judgment" and "Motion for Writ of Mandamus." [ECF No. 2]. Neither of those remedies is available in the context of a Social Security appeal, and that Motion will therefore be denied. Mr. Carter also filed a "Motion in Opposition to Defendant's Motion to Dismiss," (ECF No. 29), which was docketed as a response to the SSA's Motion for Summary Judgment. The response focused on the fact that a motion to dismiss would be procedurally inappropriate. *Id.* It appears, however, that Mr. Carter misunderstood the Rule 12/56 letter he received from the Clerk's Office, which is a form letter sent to *pro se* litigants when the opposing party files either a motion to dismiss pursuant to Rule 12, or a motion for summary judgment pursuant to Rule 56. [ECF No. 27]. In this case, the SSA only filed a motion for summary judgment, and did not seek dismissal pursuant to Rule 12(b)(6).

June 11, 2015. (Tr. 40-68). After that hearing, the ALJ again issued an opinion denying benefits. (Tr. 17-39). This time, the Appeals Council denied Mr. Carter's request for review, (Tr. 1-6), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

In that opinion, the ALJ found that Mr. Carter suffered from the severe impairments of "degenerative disc disease of the cervical and lumbosacral spine with associated pain, an affective disorder variously described as a major depressive disorder, adjustment disorder and bipolar disorder, a generalized anxiety disorder with recent references to panic attacks and agoraphobia, alcohol dependence and borderline intellectual functioning." (Tr. 20). Despite these impairments, the ALJ determined that Mr. Carter retained the residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can sit six hours, walk three hours, and lift/carry five pounds frequently and ten pounds occasionally. He must be able to alternate sitting and standing two minutes in place each hour. He cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, bend, stoop, kneel, crouch and crawl. He can perform simple, routine tasks, but would be off task ten percent of the time and miss ten days of work per year. He can occasionally interact with the public, peers and supervisors.

(Tr. 22-23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Carter could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 30).

Mr. Carter makes a series of arguments on appeal. After a careful review of the record, I am persuaded that the ALJ's RFC assessment of Mr. Carter's mental limitations lacks a sufficient explanation for the conclusion regarding his ability to maintain concentration, persistence, or pace. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (remanding case where ALJ failed to explain the basis behind findings about claimant's ability to perform relevant functions); *Chandler v. Colvin*, Civil No. SAG-15-1408, 2016 WL 75049, at *2 (D. Md. Feb. 24, 2016) (remanding case where ALJ failed to adequately explain findings as to claimant's mental limitations and its relation to claimant's moderate limitations in concentration, persistence, or pace).

Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, Civil No. SAG-10-1828, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000). Here, the ALJ failed to provide "an accurate and logical bridge" between Mr. Carter's mental limitations and the ALJ's RFC determination. The ALJ made a specific finding that Mr. Carter suffered "moderate difficulties" in concentration, persistence, or pace. (Tr. 22). However, in formulating the RFC assessment, the ALJ determined that Mr. Carter "would be off task ten percent of the time and miss ten days

of work per year." (Tr. 23). The ALJ failed to explain the basis for that conclusion. The precise determination is important because the VE testified in this case that a person who would be off task for 15% of the workday, or would miss 2 days of work per month on a consistent basis, would not be able to maintain employment. (Tr. 66-67). The ALJ did not explain, and cited to no medical evidence suggesting, the conclusion that Mr. Carter would be off task 10%, rather than 12% or 15%, of the time. An explanation of how that percentage was calculated is significant, since a relatively insignificant increase could preclude competitive employment. The same analysis can be applied to the ALJ's unexplained conclusion that Mr. Carter would "miss ten days of work per year." (Tr. 29).

Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Mr. Carter's mental limitations, and how those difficulties impacted the RFC assessment. In light of this inadequacy, I must remand the case to the SSA for further analysis. On remand, the ALJ should consider the impact of Mr. Carter's limitations on the RFC determination, and should explain the reasons for that finding, citing substantial evidence. In remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Carter is not entitled to benefits is correct.

Mr. Carter, in conjunction with his motion for summary judgment, submitted relatively extensive medical records. [ECF No. 24]. Many of those records post-dated the ALJ's July, 2015 opinion and therefore were not available to the ALJ before that opinion was drafted. On remand, the ALJ will have the opportunity to consider any of the records relevant to the case.

Mr. Carter also asked this Court to make a finding of disability instead of remanding the case to the SSA. Pl. Mot. 9. If as here, the issue is that the reviewing court has no way of evaluating the basis for the ALJ's decision, then "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). This Court is not typically the appropriate entity to determine whether or not an individual is disabled. Accordingly, remand is warranted.

For the reasons set forth above, Mr. Carter's Motion for Declaratory Judgment/Writ of Mandamus, (ECF No. 2), and Motion for Summary Judgment, (ECF No. 24), are DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 26), is also DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                       Sincerely yours,

                                           /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge